IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| G.P.M, et. als., <br> Plaintiffs, <br><br> vs. <br><br> ARMAN MATEO MEDINA, et. als. <br> Defendants. | CIVIL ACTION NO.: 25 cv 1336-PAD |

## ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT**:

COME NOW Codefendants Yadiel Rodriguez and Adriana M. Velez Nieves included as per Rule 20 of FRCP, through the undersigned legal representative, and very respectfully state, alleged and request as follows:

### I. NATURE OF THE ACTION AND JURISDICTION

1. Paragraph 1.1 is a legal assertion for which no responsive pleading is required.

2. Paragraph 1.2 is a legal assertion for which no responsive pleading is required.

3. Paragraph 1.3 is a legal assertion for which no responsive pleading is required.

4. Paragraph 1.4 is a legal assertion for which no responsive pleading is required. If a responsive pleading is required, it is admitted that the alleged operative facts in the Complaint occurred in Puerto Rico.

5. Paragraph 1.5 is a legal assertion for which no responsive pleading is required.

### II. THE PARTIES

6. Paragraph 2.1 is denied at this moment for lack of information sufficient to form a belief about the truth of the allegations included therein.

7. <u>Paragraph 2.2</u> is admitted as stated. Any implied and/or indirect imputation of liability, accountability or responsibility extended against the appearing codefendants is hereby denied. In fact, as it will be addressed in a following crossclaim, the appearing codefendants are equally victims of defendant's Medina's unlawful acts and equally entitled to the same and/or similar relief sustained by Plaintiffs, as they were unlawfully recorded without their knowledge or consent.

8. <u>Paragraph 2.3</u> does not require a responsive allegation from the appearing party because it is addressed to another codefendant.

9. Of <u>Paragraph 2.4</u> it is admitted his residency and Mr. Rodriguez being a cohost from January 2025 onward. The rest of the assertion is hereby denied. The appearing codefendants altogether didn't know of the existence of any hidden cameras nor assist in any way whatsoever in the unlawful recordings of numerous guests with or without their knowledge or consent. As mentioned earlier, they are themselves victims of the unlawful recordings taken without their knowledge or consent on the numerous times they entered the premises to clean and maintain the property for upcoming guests.

10. <u>Paragraph 2.5</u> does not require a responsive allegation from the appearing party because it is addressed to other codefendants. Out of abundance of caution, we include M. Velez Nieves as party defendant pursuant to Rule 20 of the FRCP. She was retained by Mr. Medina to clean the property he owned and operated under Airbnb.

11. <u>Paragraph 2.6</u> does not require a responsive allegation from the appearing party because it is addressed to other codefendants.

### III. FACTS

12. <u>Paragraph 3.1</u> is admitted. The extent of the trip is denied for lack of information or belief.

13. Paragraph 3.2 asserts a legal conclusion; therefore, no response is required. If a responsive pleading is required, it is denied for lack of information or belief to form a belief about the truth of the allegations included therein.

14. Paragraph 3.3 is admitted.

15. Paragraph 3.4 does not require a responsive allegation from the appearing codefendants because it is addressed to another party. Any imputation of liability contained therein is denied.

16. Paragraph 3.5 asserts a legal conclusion. In the alternative, it does not require a responsive allegation from the appearing co-defendants because it is addressed to another party. Any imputation of liability contained therein is denied.

17. Paragraph 3.6 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

18. Paragraph 3.7 is admitted.

19. Paragraph 3.8 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

20. Paragraph 3.9 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

21. Paragraph 3.10 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

22. Paragraph 3.11 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

23. Paragraph 3.12 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

24. Paragraph 3.13 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

25. Paragraph 3.14 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

26. Paragraph 3.15 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

27. Paragraph 3.16 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

28. Paragraph 3.17 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

29. Paragraph 3.18 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

30. Paragraph 3.19 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

31. Paragraph 3.20 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

32. Paragraph 3.21 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

33. Paragraph 3.22 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

34. Paragraph 3.23 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

35. <u>Paragraph 3.24</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

36. <u>Paragraph 3.25</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein. The snapshots speak for themselves as represented to the Court. However, at this stage of the proceedings Exhibit 1, 2 and 3 are yet to be authenticated accordingly.

37. <u>Paragraph 3.26</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

38. <u>Paragraph 3.27</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

39. <u>Paragraph 3.28</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

40. <u>Paragraph 3.29</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

41. <u>Paragraph 3.30</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

42. <u>Paragraph 3.31</u> is denied. The referred unknown woman is the codefendant added party, Adriana. The appearing codefendants altogether didn't know of the existence of any hidden cameras nor assist defendant Medina in any way whatsoever in the unlawful recordings of numerous guests with or without their knowledge or consent.  As mentioned earlier, they are themselves victims of the unlawful recordings taken without their knowledge or consent on the numerous occasions they entered the premises to clean and maintain the property for upcoming guests.

43. Paragraph 3.32 is denied as stated. It is categorically asserted that codefendants were as surprised as the Plaintiff about the existence of hidden cameras. No confrontation happened, but rather a conversation ensued between the male plaintiff and defendant Rodriguez. The rest is denied as stated.

44. Paragraph 3.33 is denied as stated.

45. Paragraph 3.34 is denied. Defendants specifically deny any supposed instruction to act as a lookout or that defendant Rodriguez approached the property as alleged. The appearing Defendants further object to this paragraph to the extent it purports to rely on statements by a third party (the neighbor) concerning purported security camera footage, as such constitutes inadmissible hearsay. To the extent this paragraph asserts characterizations intended to imply liability they're expressly denied.

46. Paragraph 3.35 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

47. Paragraph 3.36 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

48. Paragraph 3.37 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

49. Paragraph 3.38 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

50. Paragraph 3.39 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

51. Paragraph 3.40 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

52. <u>Paragraph 3.41</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

53. <u>Paragraph 3.42</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

54. <u>Paragraph 3.43</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

55. <u>Paragraph 3.44</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

56. <u>Paragraph 3.45</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

57. <u>Paragraph 3.46</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

58. <u>Paragraph 3.47</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

59. <u>Paragraph 3.48</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

60. <u>Paragraph 3.49</u> is denied for lack of information sufficient to form a belief about the truth of the allegations included therein.

**IV. FIRST CAUSE OF ACTION: Federal Wiretapping Act's Violation**

61. <u>Paragraph 4.1</u> doesn't require a responsive pleading. To the extent a response is deemed required, defendants deny the allegations contained therein.

62. Paragraph 4.2 is a conclusion of law which doesn't require a responsive pleading. To the extent it's intended to imply application to the appearing defendants it is denied.

63. Paragraph 4.3 does not require a responsive allegation from the appearing co-defendants because it is addressed to another party.

64. Paragraph 4.4 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein. To the extent a response is deemed required, Defendants deny that Plaintiffs have sustained damages in the amount alleged or at all.

## V. SECOND CAUSE OF ACTION (NEGLIGENCE)

65. Paragraph 5.1 doesn't require a responsive pleading. To the extent a response is deemed required, defendants deny the allegations contained therein.

66. Paragraph 5.2 asserts a conclusion of law which doesn't require a responsive pleading.

67. Paragraph 5.3 asserts a conclusion of law which doesn't require a responsive pleading.

68. Paragraph 5.4 It is admitted the Plaintiffs were occupants of the property object to this lawsuit on the dates mentioned, and that a reasonable expectation of privacy is expected. Any implied and/or indirect imputation of liability, accountability or responsibility against the appearing codefendants as to say they breached Plaintiff's expectation of privacy is hereby denied.

69. Paragraph 5.5 is denied as to defendant Rodriguez. Regarding defendant Medina it is categorically asserted by information or belief that he acted alone to invade the privacy of Plaintiffs.

70. Paragraph 5.6 is denied as to defendant Rodriguez. Regarding defendant Medina it is categorically asserted by information or belief that he acted alone to invade the privacy of Plaintiffs.

71. Paragraph 5.7 is denied as to defendant Rodriguez. Regarding defendant Medina it is categorically asserted by information or belief that he acted alone to invade the privacy of Plaintiffs. The rest is denied for lack of sufficient information to form a belief about the truth of the allegations included therein.

72. Paragraph 5.8 is denied for lack of sufficient information to form a belief about the truth of the allegations included therein.

73. Paragraph 5.9 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein. To the extent a response is deemed required, Defendants deny that Plaintiffs have sustained damages in the amount alleged or at all.

## VI. THIRD CAUSE OF ACTION Negligence Claim against Airbnb

74. Paragraph 6.1 doesn't require a responsive pleading. To the extent a response is deemed required, defendants deny the allegations contained therein.

75. Paragraphs 6.2 *through* 6.4 do not require a responsive allegation from the appearing party because they're addressed to other codefendants.

76. Paragraph 6.5 is denied to the extent that defendant Rodriguez participated in the violation of Plaintiff's privacy.

77. Paragraphs 6.6 *through* 6.11 do not require a responsive allegation from the appearing codefendants because they're addressed to other codefendants.

## VII. FOURTH CAUSE OF ACTION Punitive Damages

78. Paragraph 7.1 doesn't require a responsive pleading. To the extent a response is deemed required, defendants deny the allegations contained therein.

79. Paragraph 7.2 recites a statutory provision which doesn't require a responsive pleading.

80. Paragraph 7.3 is denied for lack of information sufficient to form a belief about the truth of the allegations included therein. To the extent a response is deemed required, Defendants deny that Plaintiffs have sustained damages in the amount alleged or at all.

### VIII. FIFTH CAUSE OF ACTION (Supplemental Jurisdiction) (PR Civil Code, Art. 1536)

81. Paragraph 8.1 doesn't require a responsive pleading. To the extent a response is deemed required, defendants deny the allegations contained therein.

82. Paragraph 8.2 recites a statutory provision which doesn't require a responsive pleading.

83. Paragraph 8.3 recites a statutory provision which doesn't require a responsive pleading.

84. Paragraph 8.4 is denied to the extent it includes the appearing codefendants.

85. Paragraph 8.5 is denied to the extent it includes the appearing codefendants.

86. Paragraph 8.6 is denied to the extent it includes the appearing codefendants.

87. Paragraph 8.7 recites caselaw which doesn't require a responsive pleading.

88. Paragraph 8.8 recites a statutory provision which doesn't require a responsive pleading.

89. Paragraph 8.9 recites caselaw which doesn't require a responsive pleading.

### JOINDER OF ADDITIONAL DEFENDANT

Pursuant to Fed. R. Civ. P. 20(a)(2), Defendants hereby join **Adriana Marie Velez Nieves ("Adriana")** as a party defendant in this action. The inclusion of Adriana is proper because the claims asserted against her (*I.e.,* paragraph 3.31 and others) arise out of the same transaction, occurrence, or series of transactions or occurrences alleged in the Complaint, and questions of law or fact common to all defendants will arise in this action.

Her joinder will promote judicial economy, avoid inconsistent verdicts, and permit complete adjudication of all related claims. Defendants reserve the right to assert crossclaims against Airbnb and Arman Mateo Medina pursuant to Fed. R. Civ. P. 13.

## **AFFIRMATIVE DEFENSES**

1. All allegations and affirmative defenses included in the paragraphs above are hereby incorporated as if fully alleged herein. Any allegation that has not been expressly admitted is understood to be denied.

2. The Complaint fails to state a cause of action against the appearing Defendants upon which relief may be granted.

3. The Appearing Defendants are not liable to plaintiff.

4. The Complaint fails to join an indispensable party.

5. The principal-agent relationship ("mandante-mandatario") applies where the former is responsible for the actions of its agent.

6. Vicarious liability.

7. Lack of causation. The plaintiff has not sufficiently proven that Defendant's actions or omissions directly caused the alleged damages to the plaintiffs.

8. Cross Claim. The right to present a cross claim pursuant to Rule 13 of the FRCP against Airbnb and Arman Mateo Medina is hereby preserved for all legal purposes.

9. Failure to state a claim. The complaint does not present sufficient facts to establish a legal claim against the appearing defendants. Considering defendants themselves were victims of Arbnb and Arman Mateo Medina, they lack the "mens rea" and intent behind the placement of

hidden cameras. In addition, their lack of knowledge of the hidden cameras prevents a cause of action to proceed against the appearing defendants.

10. The incident described in the Complaint was a fortuitous and unfortunate one, which was caused by the insidious acts of Arman Mateo Medina.

11. The appearing defendants sustained similar damages as plaintiffs, due to their lack of knowledge of being recorded while working for defendant Arman Mateo Medina and Airbnb.

12. The Defendant reserves the right to amend and/or supplement its affirmative defenses during the discovery proceedings.

WHEREFORE, Defendants respectfully request that this Honorable Court take notice of the above.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico, this August 27, 2025.

**HERNANDEZ-OHARRIZ & SANTIAGO**
Centro Internacional de Mercadeo 1
100 Carr. 165, Suite 612
Guaynabo, PR 00908
Tel: (787) 378-5630
Fax: (787) 775-1672


By: s/ Edgardo J. Hernández Ohárriz
**Edgardo José Hernández Ohárriz**
U.S.D.C. No. 229304
eho@hoslawfirm.com